IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANCISCO ALMANZA-GARCIA,

    Petitioner,

v.

BRIGITTE AMSBERRY,

    Respondent.

Case No. 2:18-cv-01704-HZ

OPINION AND ORDER

    Nell Brown
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Frederick Boss, Deputy Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state convictions for Rape and Sodomy. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#13) is dismissed as untimely.

## BACKGROUND

In 2007, the Marion County Grand Jury indicted Petitioner on two counts of Rape in the First Degree and one count of Sodomy in the First Degree for crimes he committed against a minor female when she was between seven and eight years old. Following a bench trial, the Marion County Circuit Court convicted Petitioner of all three charges and sentenced him to consecutive sentences totaling 900 months in prison. Trial Transcript, pp. 201-03.

Petitioner took a direct appeal where he asserted that his convictions improperly rested upon a medical diagnosis of sexual abuse that was unsupported by any physical evidence.[1] Although Petitioner had not preserved his claim of error in the trial court, the Oregon Court of Appeals found the medical opinion testimony constituted plain error and remanded Petitioner's case

---

[1] In *State v. Southard*, 347 Or. 127, 218 P.3d 104 (2009), the Oregon Supreme Court concluded that a medical diagnosis of sexual abuse in the absence of corresponding physical evidence "does not tell the jury anything that it could not have determined on its own" such that the diagnosis is inadmissible under OEC 403 because its risk of prejudice outweighs the probative value of the diagnosis. 347 Or. at 142.

2 - OPINION AND ORDER

for a new trial.[2] *State v. Almanza-Garcia*, 242 Or. App. 350, 255 P.3d 613 (2011).

On remand, Petitioner opted for a jury trial. The jury unanimously found him guilty of all three charges, and the trial court once again imposed an aggregate 900-month prison term. Trial Transcript, pp. 462-63, 480-82.

Petitioner directly appealed his new judgment raising claims pertaining to evidentiary rulings, the trial court's jury instructions, and the duration of his sentence. Respondent's Exhibit 108. The Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Almanza-Garcia*, 271 Or. App. 377, 353 P.3d 618, *rev. denied*, 358 Or. 248, 364 P.3d 1001 (2015).

Before his direct appellate judgment issued, Petitioner filed for post-conviction relief ("PCR") in Umatilla County.[3] He initiated the action with a *pro se* PCR Petition, and the PCR court appointed counsel to represent him. After reviewing the case, counsel filed an affidavit wherein he described his efforts to identify a meritorious claim. Counsel concluded, "After careful review of the facts of the case, it is my belief that the

---

[2] ORAP 5.45(1) provides a mechanism whereby an unpreserved claim may still be considered on appeal--"the appellate court may consider an error of law apparent on the face of the record." This provision allows the Oregon Court of Appeals to consider unpreserved errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991).

[3] Under the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000). Petitioner signed his PCR Petition on September 9, 2015, and his direct appellate judgment did not issue until December 15, 2015.

3 - OPINION AND ORDER

original petition cannot be construed to state a ground for relief under ORS 138.510 to 138.680, and cannot be amended to state a ground for relief." Respondent's Exhibit 114.

The State subsequently moved to dismiss the case for failure to state a claim upon which relief could be granted. Following a brief hearing, the PCR court granted the State's motion. Respondent's Exhibits 115, 116. The dismissal for failure to state a claim was an event of jurisdictional significance because it precluded Petitioner from appealing the PCR court's judgment. See ORS 138.525(3) ("a judgment dismissing a meritless petition is not appealable."); see also (ORS 138.525 (2) ("'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.").

Petitioner nevertheless proceeded to file a motion in the Oregon Court of Appeals in an attempt to establish jurisdiction, arguing that the PCR court did not unambiguously dismiss the PCR Petition for failure to state a claim. Respondent's Exhibit 118. The Appellate Commissioner disagreed and determined that, as a matter of state law, "the judgment [was] not appealable under ORS 135.525(3) and, on that ground, dismisse[d] the appeal." Respondent's Exhibit 120. Petitioner moved for reconsideration of the Appellate Commissioner's decision, but the Chief Judge for the Oregon Court of Appeals denied the motion. Respondent's Exhibit 122. Thereafter, Petitioner unsuccessfully sought review in the Oregon Supreme Court. Respondent's Exhibit 124.

On September 25, 2018, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case. With the benefit of appointed counsel, Petitioner filed an Amended Petition raising claims of trial court error, ineffective assistance of trial counsel, and actual innocence. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner failed to timely file this case; (2) many of Petitioner's claims are procedurally defaulted; and (3) Petitioner's claims lack merit.

## DISCUSSION

### I. Statute of Limitations and Statutory Tolling

Pursuant to the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas corpus petitioner must generally challenge his state convictions within one year of the time those convictions become final upon the conclusion of his direct review. 28 U.S.C. § 2244(d)(1)(A); see also Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (the period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition). Once a litigant's direct appeal proceedings have concluded, the one-year statute of limitations begins to run. If he files a proper state PCR action, however, the limitation period is tolled during the pendency of the PCR proceedings so long as they are properly filed. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection.").

As mentioned in the Background of this Opinion, Petitioner had already initiated his PCR action in Umatilla County (by signing his PCR Petition) prior to the effective date of his direct appellate judgment. Consequently, zero days elapsed between the conclusion of his direct appeal and the initiation of his PCR proceedings.

Respondent argues that although Petitioner properly filed his initial-level PCR action, the AEDPA's statute of limitations began to run when the PCR court issued its non-appealable judgment on February 21, 2017. As a result, the one-year statute of limitations ran unabated for 469 days until Petitioner signed his original, *pro se* Petition for Writ of Habeas Corpus on June 5, 2018. Petitioner counters that his motion to determine jurisdiction was properly filed in the Oregon Court of Appeals, that it was entirely proper for him to seek appellate review of the PCR court's dismissal of his case, and that his case is timely because statutory tolling necessarily continued until October 10, 2018 when his PCR Appellate Judgment became effective after the Oregon Supreme Court denied review. Respondent's Exhibit 125.

The Ninth Circuit addressed a very similar question in *Ramirez v. Yates*, 571 F.3d 993 (9th Cir. 2009). The petitioner in *Ramirez* filed a coram nobis petition in California state court seeking collateral relief from a criminal judgment. The coram nobis petition was a proper filing such that it tolled the

AEDPA's statute of limitations under 28 U.S.C. 2244(d)(2). When Mr. Ramirez did not obtain the desired relief, he sought review in the California Court of Appeal. However, the denial of coram nobis relief was not appealable under California law, thus the Ninth Circuit concluded that "[b]ecause the denial of the writ was determined to be not appealable in this case, Ramirez's appeal was not properly filed and the pendency of the appeal did not toll the limitations period." *Id* at 999.

In this case, Petitioner properly filed his PCR Petition thereby tolling the AEDPA's one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). However, just as in *Ramirez*, the lower court's decision was not appealable under state law. In this respect, Petitioner's PCR appeals were not properly filed so as to invoke statutory tolling under § 2244(d)(2) during the pendency of those appeals. The fact that Petitioner filed a motion verifying the absence of appellate jurisdiction in the Oregon Court of Appeals does not affect this analysis. Where § 2244(d)(2) tolling extends only to the time Petitioner's initial-level PCR proceeding was pending, it is evident that he failed to file this federal habeas corpus challenge.

## II. Equitable Tolling

In the alternative, Petitioner asks the Court to equitably toll the statute of limitations on the basis that his appointed PCR attorney had a conflict of interest with him and rendered ineffective assistance of counsel. Specifically, he faults counsel for filing an affidavit with the PCR court stating that

Petitioner's claims lacked merit, and for making similar representations during the PCR hearing.

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Oregon law required counsel to advise the PCR court if he felt that the PCR Petition did not, and could not, state a valid claim. ORS 138.590(5). Counsel's adherence to this statute does not justify equitable tolling. Moreover, even though counsel advised the PCR court that Petitioner could not state a meritorious claim, this representation did not prevent Petitioner from timely filing for federal habeas corpus relief; he still had one year in which to file the current action. However, instead of proceeding to file the current action, he attempted to establish appellate jurisdiction where there was none, sought reconsideration of the decision advising him that there was no jurisdiction, and proceeded to petition the Oregon Supreme Court

for review after having twice learned that the PCR court's decision was not appealable.

While the procedural posture Petitioner faces is unfortunate, he cannot demonstrate that he diligently pursued his federal habeas corpus remedy and was only unable to timely file this action due to extraordinary circumstances. Equitable tolling is therefore not appropriate.

### III. <u>Actual Innocence and Evidentiary Hearing</u>

Finally, Petitioner asks the Court to excuse his untimely filing on the basis that he is actually innocent of the offenses for which he was indicted and convicted. A petitioner who fails to comply with the AEDPA's one-year statute of limitations may overcome the default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to make a gateway showing of actual innocence, a petitioner must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial" which establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

In this case, although Petitioner claims that he is actually innocent, he fails to identify any new evidence to support his conclusory allegation of innocence. Instead, he asks the Court to conduct an evidentiary hearing at which he can develop unspecified evidence of his innocence. Petitioner's bare claim of

innocence "has failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence." *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Accordingly, Petitioner's request for an evidentiary hearing is denied. Because he fails to demonstrate that no reasonable juror would have convicted him in light of newly presented evidence, he is unable to pass through the gateway of actual innocence to excuse his untimely filing.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#13) is denied. The Court allows a Certificate of Appealability limited to the issue of whether Petitioner is entitled to 28 U.S.C. § 2244(d)(2) tolling during the pendency of his PCR appeals.

IT IS SO ORDERED.

DATED this 1 day of March, 2020.

_____
Marco A. Hernandez
United States District Judge